■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL IRIZARRY, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered May 23, 1966, which denied the application after a hearing. Order affirmed. The dissenting memorandum herein, which contains the relevant facts, concludes that *People* v. *Ramos* (30 A D 2d 848) is controlling. In our view, the *Ramos* case is dis-. tinguishable in that upon the defendant's acceptance of the plea therein the court specifically instructed the defendant that should he attempt to disturb the plea or the conviction thereon within 31 days after sentence, by appeal or otherwise, "'the plea will not stand, and also the promise of the district attorney to dismiss the robbery charge will not stand.'" In short, in *Ramos* the defendant was threatened that the very conviction stemming from his guilty plea was to be vacated if he appealed it. At bar it was merely stipulated that an additional indictment would not be dismissed until the time to appeal from the conviction based on appellant's guilty plea had expired. Hence, the conviction based on his guilty plea would not be disturbed. Under these circumstances the defendant was not deprived of his right to appeal, for the only consequence of his appealing would be the District Attorney's not procuring dismissal of a pending indictment. Furthermore, in *Ramos* the Trial Justice actively participated in the plea bargaining process and referred pointedly to the conditions under which he was accepting the defendant's guilty plea, whereas at bar there is no indication that the court took any part in the bargaining process. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., dissents and votes to reverse the order, to vacate the judgment of conviction and to remand the case for resentence, *nunc pro tunc* as of the date sentence was originally imposed, with the following memorandum: Defendant was convicted of attempted burglary in the third degree on his plea of guilty. He had also been charged under a separate indictment with the commission of the crimes of the sale of a narcotic and possession of a narcotic with the intent to sell, as a misdemeanor. Both the People and defendant agree that his plea of guilty to the burglary indictment was accepted on the stipulation that the indictment charging him with the sale and possession of narcotics would be dismissed 31 days after sentencing, provided no appeal had been taken by him. That stipulation in my opinion was unlawful as an effective inhibition on defendant's right to appeal (*People* v. *Ramos,* 30 A D 2d 848). Defendant was placed into the position of surrendering a review of a possibly onerous sentence and of any prejudicial defect in the proceedings leading to the sentence or standing trial on the other pending indictment. The reasoning underlying our determination in *Ramos* that the right of appeal cannot be the subject of a bargain in the inducement of a guilty plea because of the public policy of the State to preserve "that right as an effective, if imperfect, safeguard against impropriety or error" (*People* v. *Pride*, 3 N Y 2d 545, 549) has equal force here. It is of no consequence,

in the light of the objectives of that public policy, that defendant was confronted with two indictments arising out of separate crimes, or that the court concededly did not inject itself as actively in the plea bargaining as occurred in *Ramos*. The point is that defendant should not have been compelled to give up the right to appellate review as a condition ·imposed by the prosecution and approved by the court ·before his plea would be accepted. Hence, the appropriate procedure to follow is to vacate the judgment and to remand the case for resentencing so that defendant's right to appeal may be exercised.