**UNITED STATES ex rel. Victor AMUSO, Petitioner-Appellant,**

v.

**J. Edwin LaVALLEE, Warden, Clinton State Prison, Dannemora, New York, Respondent-Appellee.**

No. 720, Docket 34488.

United States Court of Appeals, Second Circuit.

Argued May 18, 1970.

Decided June 1, 1970.

Marvin B. Segal, New York City (Segal & Hundley and William Frappollo,

New York City, on the brief), for appellant.

Lillian Z. Cohen, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, on the brief), for appellee.

Before SMITH and ANDERSON, Circuit Judges, and BARTELS, District Judge.[*]

PER CURIAM:

The petitioner, indicted for attempted robbery and attempted larceny, both in the first degree, and some related charges, was placed on trial in the Supreme Court of New York in 1962. After both sides had rested, a discussion ensued between defense counsel and the prosecutor, as the result of which the accused agreed to plead guilty to the reduced charge of attempted robbery in the third degree and the prosecutor agreed to accept the plea in disposition of the charges on which the trial was based and, after the appeal period of thirty days had expired, to dismiss a separate indictment which had arisen out of an entirely different incident, provided the accused had not appealed from his conviction on the guilty plea in the case on trial. Although the trial judge did not participate in the arrangements for the change of plea, he was advised of the terms and in open court he carefully interrogated the petitioner on petitioner's understanding of the agreement and its consequences. Once satisfied of Amuso's comprehension of these things, the court permitted the change of plea to guilty of the reduced charge and, taking into consideration a prior felony conviction, sentenced him to two and one-half years to ten years as a second felony offender. The petitioner did not appeal and the prosecutor dismissed the other unrelated indictment.

In 1968 the petitioner instituted *coram nobis* proceedings in the New York courts, asserting that the guilty plea

* Of the Eastern District of New York, sitting by designation.

arrangement was unconstitutional because its advantages could only accrue to him if he waived his right to appeal. The courts of New York denied his petition and he applied for a writ of habeas corpus to the United States District Court for the Eastern District of New York. That court denied the application without a hearing because the record of the state court proceedings showed them to have been full and fair and disclosed no constitutional infirmity. From this denial Amuso has appealed. We affirm and dismiss the appeal.

The most obvious deficiency in the appellant's case, which alone is dispositive, is his failure to assert any basis for an appeal from his conviction or to furnish or point to any evidentiary material in the record upon which a claim on appeal could be predicated. Moreover, as the transcript of the state trial judge's interrogation of Amuso, preceding the change of plea, makes clear, the acceptance of his plea of guilty to the reduced charge was not conditioned on a waiver of his right to appeal. He still could have appealed within the thirty days, but, had he done so, the separate indictment against him would not have been dismissed. His assent to the change of plea arrangement was entirely voluntary, and under the circumstances, his failure to appeal was not the result of unconstitutional compulsion.