Joseph Edward REEDER, Appellant,

v.

STATE of Missouri, Respondent.

No. 38433.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 13, 1977.

Robert C. Babione, Public Defender, Thomas Motley, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Asst. Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., W. Earl Jacobs, Asst. Circuit Atty., St. Louis, for respondent.

SMITH, Judge.

Movant appeals the order of the trial court denying his Rule 27.26 motion to vacate sentence. The sole contention raised here is that defendant was denied an opportunity to appeal his conviction for armed robbery. We affirm.

The trial court found the movant's testimony devoid of credibility. We are bound by that finding. Movant's former attorney testified to the circumstances which led to no motion for new trial or notice of appeal being filed in defendant's robbery case. The trial court found this testimony credible. That testimony indicated that prior to trial the prosecutor refused to consider making any recommendation in exchange for a plea less than 35 years imprisonment. This was based upon movant's lengthy criminal record and the brief period of time elapsing between his release from prison and commission of the robbery with which he was charged. Following trial to the court with jury waived and a finding of guilt, the prosecutor indicated his willingness to recommend a sentence of fifteen years if movant would waive his right to file a motion for new trial and notice of appeal. This offer was presented to defendant by his attorney who fully advised his client of the consequences. The offer was accepted by defendant. The recommendation was made as promised and the court sentenced movant to fifteen years. The trial court found on the basis of this testimony that movant had freely, voluntarily and understandingly waived his right to file a motion for new trial and notice of appeal. We find this factual determination supported by the evidence.

Movant contends that he was coerced to abandon his appeal by threats of a longer sentence and relies upon *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). That case has no application here. Rather than threatening to "up the ante" if movant appealed, the prosecutor agreed to reduce his previously determined recommendation in exchange for movant's waiver of his appeal rights. This is closely akin to pre-trial plea bargaining and does not constitute coercion. See *Wells v. State,* 504 S.W.2d 96 (Mo.1974); *McNamara v. State,* 502 S.W.2d 306 (Mo.1973); *Brown v. State,* 485 S.W.2d 424 (Mo.1972) [7, 8]; *State v. Jackson,* 514 S.W.2d 638 (Mo.App.1974) [3].

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.