EARL J. STATON *v.* WARDEN, CONNECTICUT CORRECTIONAL INSTITUTION, SOMERS

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and HEALEY, JS.

Argued April 5—decision released July 4, 1978

*Jeffrey R. Van Kirk,* with whom, on the brief, was *Leonard I. Shankman,* for the appellant (plaintiff).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Michael Dearington,* assistant state's attorney, for the appellee (defendant).

COTTER, C. J. The plaintiff appeals from a judgment dismissing his petition for a writ of habeas corpus. The plaintiff, Earl J. Staton, was convicted of robbery in the third degree after a trial to a jury and was sentenced to a term of imprisonment of not less than two years nor more than four years. Following the imposition of the sentence, he broke

from the courtroom and was subdued by several policemen.[1] As a result of this incident, he was charged with attempted escape from custody and interfering with a police officer. As part of an agreed recommendation on the latter charges, the state's attorney recommended that the plaintiff, in return for his guilty pleas to those charges, receive a sentence of one to six years on each count to be served concurrently with the sentence of two to four years already imposed for the robbery conviction. In addition, the plaintiff agreed to withdraw an appeal he had filed from the robbery conviction. The court accepted the plaintiff's guilty pleas on the attempted escape and interfering charges and imposed the agreed-upon sentences. Subsequently, the plaintiff's appeal was formally withdrawn. In this habeas corpus action, which concerns only the armed robbery conviction, the plaintiff seeks the right to appeal from that conviction.

The determinative issue presented on this appeal is whether the record affirmatively discloses that the plaintiff intelligently, understandingly and voluntarily waived his statutory right to appeal from the robbery conviction in exchange for the state's agreed-upon sentence recommendation regarding the escape and interference charges.

At the sentencing, counsel for the accused explained that the appeal from the robbery conviction was filed to preserve Staton's rights but that,

---

[1] Counsel for the plaintiff stated that on the day of sentencing on the robbery conviction Staton was disconsolate and apparently under the influence of alcohol. When the sheriff said, "Come along" to the lockup, Staton responded, "I'm not going to no place, I'm not guilty." The plaintiff then ran into the hallway outside of the courtroom.

in his opinion, there was no legal basis upon which an appeal could succeed, in spite of the fact that the plaintiff protested his innocence even after his conviction. Counsel also indicated that in all probability he would have sought to withdraw as special public defender for the purpose of appeal in accordance with the procedures mandated by the United States Supreme Court in *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493. Staton expressed his understanding of, and agreement with, the representations made by his public defender and indicated that he was satisfied to withdraw that appeal. No further examination of the accused regarding his appeal rights was conducted by the court.

In this appeal, the plaintiff does not contest the validity of his pleas of guilty to the escape and interference charges under the principles established in *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (record must affirmatively disclose that the plea was voluntarily, intelligently and understandingly made); and *McCarthy* v. *United States,* 394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (defendant must possess an understanding of the law in relation to the facts). See *State* v. *Bugbee,* 161 Conn. 531, 533, 290 A.2d 332. Rather, he argues that his decision to withdraw his appeal was not made on the basis of an informed and reasoned judgment "but because he feared the penalty of a greater sentence on the courtroom offenses should he choose to continue to pursue his right of appeal."

Plea bargaining has been recognized and accepted by the United States Supreme Court as an effective and desirable method of prompt and efficient dis-

position of many criminal cases.[2]  *Santobello* v. *New York,* 404 U.S. 257, 261, 92 S. Ct. 495, 30 L. Ed. 2d 427; *Brady* v. *United States,* 397 U.S. 742, 751–52, 90 S. Ct. 1463, 25 L. Ed. 2d 747; *Szarwak* v. *Warden,* 167 Conn. 10, 17, 355 A.2d 49. Ordinarily, a "plea bargain" contemplates that an accused will plead guilty to one or more charges in return for the state's agreement to reduce the charges against him, to dismiss or refrain from bringing other charges, or to present the court with a favorable sentence recommendation. See 69 Nw. U. L. Rev. 663, 664; 83 Harv. L. Rev. 1387, 1389–90; 112 U. Pa. L. Rev. 865, 866. In the present case, however, Staton's guilty pleas *and* the withdrawal of his appeal from the burglary conviction constituted the plaintiff's consideration for the "bargain." While this court has not had occasion to review this type of plea negotiation, we conclude that the mere fact the plaintiff was presented with this choice is not necessarily impermissible. See *United States ex rel. Amuso* v. *LaVallee,* 291 F. Sup. 383 (E.D. N.Y.), aff'd, 427 F.2d 328 (2d Cir.); *State* v. *Gutierrez,* 20 Ariz. App. 337, 512 P.2d 869; *State* v. *Gibson,* 68 N.J. 499, 348 A.2d 769; *People* v. *Irizarry,* 32 App. Div. 2d 967, 303 N.Y.S.2d 332, aff'd, 27 N.Y.2d 856, 265 N.E.2d 540; see generally, *Chaffin* v. *Stynchcombe,* 412 U.S. 17, 31, 93 S. Ct. 1977, 36 L. Ed. 2d 714. What was said in *Chaffin* regarding the negotiation of guilty pleas generally and the concomitant risk of more severe punishment similarly applies under the facts presented here:

---

[2] The policy considerations for disposing of the large volume of criminal cases through the acceptance of guilty pleas pursuant to a "plea bargain"; see generally, 8 Conn. L. Rev. 44, 56–57; do not, however, necessarily apply with equal force in the case of criminal *appeals* since they do not represent the same type of barrier to efficient judicial administration at the appellate level.

"Although every such circumstance has a discouraging effect on the defendant's assertion of his trial rights [here, his appellate rights], the imposition of these difficult choices [is] . . . an inevitable attribute of any legitimate system which tolerates and encourages the negotiation of pleas." Id., 31. Under the facts of this case, therefore, we do not adopt the strict rule, as urged by the plaintiff, that the state cannot, under any circumstances, negotiate with a defendant concerning the right to appeal. See *People* v. *Butler,* 43 Mich. App. 270, 204 N.W.2d 325; *People* v. *Ramos,* 30 App. Div. 2d 848, 292 N.Y.S.2d 938; cf. *Worcester* v. *Commissioner of Internal Revenue,* 370 F.2d 713 (1st Cir.) (disapproving *judge's* offer to suspend sentence if defendant agrees not to appeal).

Nor does the present case involve "prosecutorial vindictiveness" exhibited by the state's unilateral imposition of a penalty upon a defendant who has chosen to exercise a legal right to attack his original conviction. See *North Carolina* v. *Pearce,* 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656. "[I]n the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Bordenkircher* v. *Hayes,* 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604.

In view of the foregoing, we now consider Staton's claim that the record in this case fails to establish a valid waiver of his appellate rights.

The federal constitution does not provide to a criminal defendant the right to appeal from a judgment of conviction. *Abney* v. *United States,* 431 U.S. 651, 656, 97 S. Ct. 2034, 52 L. Ed. 2d 651. The remedy of appeal afforded defendants in criminal prosecu-

tions is, in this state, purely statutory; General Statutes § 54-95; but having established an appellate forum, "these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." *Rinaldi* v. *Yeager,* 384 U.S. 305, 310, 86 S. Ct. 1497, 16 L. Ed. 2d 577; *Blackledge* v. *Perry,* 417 U.S. 21, 25, 94 S. Ct. 2098, 40 L. Ed. 2d 628; *Chaffin* v. *Stynchcombe,* supra, 24. The right to appeal, though statutory, has therefore been jealously protected.[3] See *Douglas* v. *California,* 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (indigent's right to court-appointed counsel on appeal); *Griffin* v. *Illinois,* 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (right of indigent to free transcript on appeal); *United States ex rel. Williams* v. *LaVallee,* 487 F.2d 1006 (2d Cir.), cert. denied, 416 U.S. 916, 94 S. Ct. 1622, 40 L. Ed. 2d 118 (right to be properly advised of right to appeal).

Since a criminal defendant who decides not to appeal from a judgment of conviction in effect concedes the validity of that judgment and insulates the conviction against appellate review, his decision to withdraw a previously filed appeal pursuant to a plea bargaining arrangement must be carefully examined. A waiver is defined as "an intentional relinquishment or abandonment of a known right or privilege"; *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461; *Talton* v. *Warden,* 171 Conn. 378, 385, 370 A.2d 965; and the right of appeal

---

[3] "Justice demands an independent and objective assessment of a . . . [trial] judge's appraisal of his own conduct of a criminal trial." *Coppedge* v. *United States,* 369 U.S. 438, 455, 82 S. Ct. 917, 8 L. Ed. 2d 21 (concurring opinion of Stewart, J.). Owing to the possibilities of error, oversight and arbitrariness in any human institution, "it would simply go against the grain, today, to make a matter as sensitive as a criminal conviction subject to unchecked determination by a single institution." 76 Harv. L. Rev. 441, 453.

should not be considered as having been waived or abandoned except where it is clearly established that such is the case. *McKinney* v. *United States,* 403 F.2d 57, 59 (5th Cir.). The record before us does not affirmatively disclose that the plaintiff's decision to waive his right to appeal was voluntarily, knowingly and intelligently made. See *State* v. *Hunt,* 157 Conn. 590, 591, 251 A.2d 77.

Although the plaintiff's trial counsel advised the court that, in his opinion, there was no legal basis for taking an appeal from the robbery conviction, the record does not disclose that the court, at the sentencing hearing, was apprised, inter alia, of the issues raised at trial, the scope of the plaintiff's defense, or the evidence presented at trial by the state. In view of the plaintiff's persistent claim of innocence, something more than counsel's bare assertion that the appeal lacks merit seems warranted. As with guilty pleas coupled with claims of innocence; see *State* v. *Battle,* 170 Conn. 469, 475, 365 A.2d 1100; an agreement to waive appellate rights joined with a claim of innocence should not be accepted as a voluntary and intelligent choice until the court presented with the plea bargaining arrangement has inquired into and sought to resolve the conflict between the waiver of appeal and the claim of innocence.[4] The type of report required for the withdrawal of the representation by a special public defender on appeal; see *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493; would

---

[4] That the court in this case was not entirely satisfied with the "bargain" presented here is indicated by the following remark made at the hearing: "I will go along with the recommendation. I have some reservations about some of the aspects of this situation, but as . . . [the plaintiff's counsel] explained it, I suppose, it's probably the best way to dispose of it."

appear to be a requirement necessary for the court's determination of this question and for the purpose of an effective questioning of the accused himself.

Moreover, the plaintiff was not advised of the possible consequences of his decision to withdraw his appeal. Since a decision to waive one's statutory right to appeal cannot be said to be knowingly, voluntarily and intelligently made if based upon a misapprehension as to the effect of this action; see *People* v. *Bailey,* 1 Cal. 3d 180, 186-87, 460 P.2d 974; prior to the acceptance of an agreement to waive an appeal pursuant to a plea bargaining arrangement, care should be taken to inform the accused of the appellate rights to which he is entitled and to the consequences of this decision.[5]

On the record before us we cannot conclude that the plaintiff's waiver of his right to an appeal in conjunction with the plea bargaining agreement was made with a full understanding of its consequences so as to demonstrate that his action in withdrawing the appeal was made intelligently, knowingly and voluntarily.

There is error, the judgment is set aside, and the case is remanded with direction to grant the plaintiff's petition and to reinstate the appeal.

In this opinion the other judges concurred.

---

[5] Nowhere does it appear, for instance, that the plaintiff was aware that his public defender's withdrawal of representation on appeal did not necessarily mean that he would have to retain private counsel if he wished to pursue his appeal.