THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRUCE FEARING, Defendant-Appellant.

Fourth District   No. 17291

Opinion filed November 30, 1982.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Edmond H. Rees, State's Attorney, of Carlinville (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LONDRIGAN delivered the opinion of the court:

This case presents the question whether the defendant's appeal should be dismissed because it violated a promise that he made as part of a plea agreement. The defendant went to trial and was found guilty by a jury of burglary and felony theft; judgment was entered on the verdicts. The defendant then entered into a plea agreement, which the trial judge accepted, involving the two convictions and six pending charges that arose from the defendant's escape from custody while awaiting trial; the agreement included the defendant's promise not to appeal the burglary and theft convictions. The defendant filed an appeal, however. The State moved for its dismissal, and the motion was taken with the case. We now grant the motion and dismiss the appeal.

■ In accordance with the plea agreement the defendant waived a presentence investigation report and a sentencing hearing and was sentenced to concurrent terms of three and two years' imprisonment for the burglary and theft. With respect to the six pending charges, No. 81—CF—38, the defendant pleaded guilty to one, escape, and was sentenced to six years' imprisonment, to be served consecutively to the first two sentences. The defendant was also ordered to pay costs in both cases. The State dismissed the five remaining charges in No. 81—CF—38. Finally, the defendant waived his right to appeal the convictions for burglary and theft.

The defendant first argues that no authority justifies dismissing his appeal and that the State is in effect seeking equitable relief, specific performance, but has not alleged the lack of an adequate legal remedy. Although the defendant does not argue that his waiver of appeal *per se* violates constitutional or other rights, some remarks on that question are in order. Article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, sec. 6), grants the right to appeal a criminal conviction—there is no Federal constitutional right to State review of a State conviction (*Estelle v. Dorrough* (1975), 420 U.S. 534, 43 L. Ed. 2d 377, 95 S. Ct. 1173 (per curiam); *McKane v. Durston* (1894), 153 U.S. 684, 38 L. Ed. 867, 14 S. Ct. 913). Like other constitutional and statutory rights, however, the right to appeal may be waived, whether by neglect or by conscious choice. In this case the waiver results from the defendant's promise made as part of a plea agreement. Although uncommon, such a promise does not by itself vi-

olate constitutional rights. (*Staton v. Warden* (1978), 175 Conn. 328, 398 A.2d 1176; *State v. Gibson* (1975), 68 N.J. 499, 348 A.2d 769; contra, *People v. Stevenson* (1975), 60 Mich. App. 614, 231 N.W.2d 476.) We are not faced with the question of enforcing a defendant's promise to forego a challenge to the guilty plea, as by a motion to withdraw it.

A plea agreement binds the defendant as well as the State. (*People v. White* (1972), 5 Ill. App. 3d 205, 282 N.E.2d 467; see *In re F.D.* (1980), 89 Ill. App. 3d 223, 411 N.E.2d 1200 (delinquent minor).) The State's failure to fulfill its promise made to induce the defendant's acceptance of a plea agreement renders the plea involuntary. (*Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289; *People v. Robinson* (1978), 66 Ill. App. 3d 601, 384 N.E.2d 420.) Also, charges that have been settled or dismissed may not be reinstated if the defendant has performed his obligations under the terms of the settlement (*People v. Johnson* (1939), 372 Ill. 18, 22 N.E.2d 683), and a defendant who testifies in exchange for a grant of immunity on a charge may not later be convicted of the charge (*People v. Bogolowski* (1927), 326 Ill. 253, 157 N.E. 181). By the same token, when a guilty plea is vacated on review and the defendant allowed to plead anew, charges that were dismissed as part of the plea agreement may be reinstated. *People v. McCutcheon* (1977), 68 Ill. 2d 101, 368 N.E.2d 886.

Plea bargaining is an important and widely used method of the criminal justice system for resolving prosecutions quickly and economically. (*Blackledge v. Allison* (1977), 431 U.S. 63, 52 L. Ed. 2d 136, 97 S. Ct. 1621; *McCutcheon.*) Dismissing the appeal will keep the total agreement intact; by appealing, the defendant in effect unravels portions of it. Enforcing the defendant's promise will carry out the policies that underlie plea bargaining. (*Cf. Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1981), 85 Ill. 2d 458, 426 N.E.2d 860 (agreement not to appeal award of attorney fees in taxpayer's derivative action violated public policy because unincluded taxpayers were not adequately represented when fees were set).) Thus, unless the defendant can show that the agreement not to appeal was made involuntarily or unintelligently or suffers from some similar infirmity, it may be enforced. Contra, *State v. Gibson* (1975), 68 N.J. 499, 348 A.2d 769 (holding that the right to appeal a trial conviction may be waived as part of a plea agreement but saying, in dictum, that if a defendant violates his promise and appeals, the better course is to hear the appeal and let the State revoke all its concessions).

The defendant next argues that because his agreement not to appeal the convictions is tantamount to a guilty plea, the trial court

should have admonished him about what specific rights were being lost. We conclude that the trial court did that.

■ The defendant's agreement not to appeal is not a guilty plea in the technical sense, for the defendant pleaded not guilty to the charges and went to trial. By insulating the convictions from review, however, the agreement operates much like a guilty plea to those charges and is in fact part of one. The trial judge explained to the defendant what rights were being waived by the agreement not to appeal:

> "THE COURT: Now in Cause 81—CF—1 if you were sentenced as has been proposed on June 11th—we will have a sentencing hearing and I don't know what your sentence would be on that date. On that date if you were sentenced, you would then be advised that you have a right to appeal that decision to the Appellate Court. You would be advised that in Cause 81—CF—1, the burglary and theft, after you are sentenced you would be advised that you have a right to appeal the sentence, that you have a right to have a lawyer appointed for you to represent you on an appeal, that you have a right to have a copy of the transcript and that a copy would be furnished to you free of charge if you couldn't afford it and that you would be furnished with an attorney free of charge to represent you in appealing the burglary and theft conviction, 81—CF—1.
>
> You understand that?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Now, I have been advised that as part of the plea agreement you are waiving and giving up your right to appeal the jury decision and the jury verdict in 81—CF—1, is that correct?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And are you doing that on the basis of this total plea agreement in Cause 81—CF—1 and 81—CF—38?
>
> THE DEFENDANT: Yeah."

The trial judge fully explained to the defendant the appellate rights waived by the agreement. Also, the defendant was represented by counsel. We conclude that the defendant knowingly and voluntarily waived his right to appeal and therefore grant the State's motion to dismiss the appeal.

Appeal dismissed.

WEBBER and TRAPP, JJ., concur.