498 A.2d 632

**James Lee CUBBAGE**

v.

**STATE of Maryland.**

**No. 5, Sept. Term, 1985.**

Court of Appeals of Maryland.

Oct. 9, 1985.

Gerald A. Kroop, Baltimore (Kenneth D. Man and Kroop & Kurland, P.A., Baltimore, on brief), for appellant.

Ann E. Singleton, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH & McAULIFFE, JJ.

RODOWSKY, Judge.

Here we hold to be valid a knowing and voluntary waiver of appeal made after conviction and before sentencing by the defendant in a criminal case. The waiver was part of a sentencing bargain which the State has fully performed.

Appellant-defendant, James Lee Cubbage (Cubbage), was tried and convicted in a bench trial by the Circuit Court for Montgomery County of second-degree rape and third-de-

gree sexual offense. Cubbage appealed to the Court of Special Appeals. His brief to that court questioned his waiver of a jury trial and the sufficiency of the evidence to convict. The State moved to dismiss the appeal, based on Cubbage's having expressly waived his right of appeal. Appellant opposed dismissal, asserting that no waiver under the instant circumstances could be voluntary and raising public policy considerations. The problems raised by this case led the intermediate appellate court to certify questions to us in accordance with Maryland Rule 1015.

The certification presents the following additional background facts:

Prior to sentencing, an agreement was entered into under which the State agreed to recommend a sentence that would: (1) involve no more than three years executed incarceration, with five years supervised probation on specific conditions; and (2) include a three year sentence on an unrelated violation of probation case to run concurrently with the instant case. The special conditions included participation in a sexual aggressor's therapy program, participation in an alcohol treatment and urinalysis screening program, continued employment and special program monitoring. The sentencing program was the product of the National Center on Institutions and Alternatives. In return for the State's recommendation and the court's imposing the recommended sentence, Cubbage agreed to waive his right of appeal. There had been a chambers conference prior to the sentencing hearing, but no details of that conference appear beyond the comment that Cubbage was aware of the meeting. The court questioned Cubbage on his understanding of his right to appeal and the significance of the waiver, and then sentenced him in conformity with the terms of the agreement.

Cubbage could have been sentenced to a maximum of twenty years on the second degree rape and a maximum of ten years on the third degree sexual offense. We assume from the sentence imposed that there was no

issue of merger. We do not know what the ultimate exposure was in the violation of probation case.[1]

---

[1] Counsel informed us that the hearing on the violation of probation is being held in abeyance pending the outcome of the instant case.

The questions certified by the Court of Special Appeals are:

1. As a matter of public policy, may a criminal defendant waive his right to appeal in exchange for a favorable sentence?

2. If the answer to question number 1 is Yes:

(a) What, if anything, must a trial judge do on the record to assure that the waiver is knowing and voluntary?

(b) Are there any issues that cannot be waived and, if so, what are they?

3. If the answer to question number 1 is No, does he retain the benefits of the agreement, *i.e.*, the more lenient sentence, when he appeals?

## 1.

The numerical majority of courts which have considered the question hold that, if knowing and voluntary, a waiver of appeal by the defendant in a criminal case is valid, although there are some variations between courts in the results flowing from a defendant's breaching the waiver agreement by appealing. Cubbage relies on the minority holdings that such agreements are contrary to public policy and unenforceable. We agree with the reasoning of the majority line of cases.

Our analysis of question 1 starts with a waiver, made as part of a bargain with the State, that is knowing and voluntary on the part of the defendant. The public policy issue presented by question 1 presupposes that the trial court was satisfied that the bargain out of which the waiver arose was knowing and voluntary. That issue also presupposes a record before the appellate court which objectively supports the trial court's conclusion. Thus, we deal in

question 1 simply with another specific application of the general concept that nearly every right, constitutional or statutory, may be waived.

■ In Maryland, the right to appeal a criminal conviction is statutory, not constitutional. *See, e.g., Sigma Reproductive Health Center v. State,* 297 Md. 660, 664, 467 A.2d 483, 485 (1983); *State v. Bailey,* 289 Md. 143, 147, 422 A.2d 1021, 1024 (1980); *Warren v. State,* 281 Md. 179, 182, 377 A.2d 1169, 1171 (1977); *Criminal Injuries Compensation Bd. v. Gould,* 273 Md. 486, 500, 331 A.2d 55, 64 (1975); *Lohss and Sprenkle v. State,* 272 Md. 113, 116, 321 A.2d 534, 536–37 (1974); *Brown v. State,* 237 Md. 492, 498–99, 207 A.2d 103, 108 (1965); *Woodell v. State,* 223 Md. 89, 93, 162 A.2d 468, 471 (1960). *See also Evitts v. Lucey,* —— U.S. ——, ——, 105 S.Ct. 830, 834, 83 L.Ed.2d 821, 827 (1985) ("Almost a century ago, the Court held that the Constitution does not require States to grant appeals as of right to criminal defendants seeking to review alleged trial court errors."). *See generally* J. Bond, *Plea Bargaining and Guilty Pleas* § 7.27(a)(1), at 7–94 (2d ed. 1982) (Bond).

■ Just as constitutional rights may be waived, so may nonconstitutional rights be waived. *See, e.g., State v. Magwood,* 290 Md. 615, 619 n. 2, 432 A.2d 446, 448 n. 2 (1981) ("[T]here are few, if any instances where a criminal defendant is prohibited from surrendering his rights, *be they constitutional or otherwise....*" (citation omitted and emphasis added)); *Logan v. State,* 289 Md. 460, 470–71, 425 A.2d 632, 637 (1981) ("It would be a strange holding indeed were we to conclude that though the defendant can knowingly waive a constitutional right, he cannot knowingly waive a court rule (absent specific language rendering such a purported waiver ineffective) adopted to bolster and implement that constitutional right. ... 'We are unable to accept the thesis that no one can ever intelligently waive an important constitutional right voluntarily....' ... In our view, the same is ordinarily true in the area of important

non-constitutional rights." (citation omitted)); *State v. McKay,* 280 Md. 558, 569–70, 375 A.2d 228, 234–35 (1977).

The accepted standard for testing the validity of an intentional waiver is set out in *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938):

> A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver[, e.g.,] of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case....

*See, e.g., Logan, supra,* 289 Md. at 474, 425 A.2d at 639.

The majority decisions treat a waiver of appeal as an aspect of plea bargaining. A number of these opinions involve multiple cases, which quite probably comprised all pending cases in the venue against a defendant. In this scenario the plea bargain includes the disposition of open cases in addition to the case in which the defendant has already been found guilty and with respect to which the defendant waives appeal. *See Brown v. Haynes,* 385 F.Supp. 285 (W.D.Mo.1974); *Gwin v. State,* 456 So.2d 845 (Ala.Crim.App.1984); *Staton v. Warden,* 175 Conn. 328, 398 A.2d 1176 (1978) (rejecting per se invalidity but holding that the record failed to reflect a voluntary and knowing waiver); *People v. Fearing,* 110 Ill.App.3d 643, 66 Ill.Dec. 378, 442 N.E.2d 939 (1982); *State v. Gibson,* 68 N.J. 499, 348 A.2d 769 (1975); *Blackburn v. State,* 290 S.E.2d 22 (W.Va. 1982).

In *United States ex rel. Amuso v. LaVallee,* 427 F.2d 328 (2d Cir.1970), the defendant pleaded guilty at trial after both sides had rested to a lesser charge in consideration of the Government's agreement to dismiss other pending cases if and when the time for appeal in the guilty plea case had expired without the defendant's having appealed. While this arrangement was not in form a waiver of appeal, it was sustained on habeas corpus challenge because it was entire-

ly voluntary and "not the result of unconstitutional compulsion." *Id.* at 329.

In some of the cases the waiver of appeal which is judicially approved relates to the bargained for guilty plea on which the conviction sought to be appealed is based. For example, the Supreme Court of Washington in *State v. Majors,* 94 Wash.2d 354, 616 P.2d 1237 (1980) approved a waiver of appeal and refused to consider a challenge to the sufficiency of the charging document. There the defendant had negotiated a plea to second-degree murder, agreed that he was a habitual criminal, and waived appeal because habitual criminal status for him gave rise to the possibility of a less severe minimum sentence. And *see Reeder v. State,* 556 S.W.2d 485 (Mo.App.1977) and *State ex rel. Adams v. Norvell,* 1 Tenn.Crim.App. 648, 448 S.W.2d 454 (1969).

Also relevant is a series of New York cases dealing with waivers of appeal adjunct to bargained for guilty pleas. N.Y.Crim.Proc. Law § 710.70.2 (McKinney 1984) preserves appellate review of the denial of a motion to suppress evidence notwithstanding that judgment was entered upon a plea of guilty. The Court of Appeals of New York has approved a waiver of this statutory right of appeal, saying:

> In these circumstances, where the plea on condition was voluntarily entered, with full comprehension on defendant's part of both the plea and the associated condition, we conclude that this defendant may properly be held to the waiver of his right to appeal from the denial of the suppression motion. [*People v. Williams,* 43 A.D.2d 884, 351 N.Y.S.2d 761 (1974), *aff'g per curiam,* 36 N.Y.2d 829, 830, 370 N.Y.S.2d 904, 905, 331 N.E.2d 684, 685, *cert. denied,* 423 U.S. 873, 96 S.Ct. 141, 46 L.Ed.2d 104 (1975).]

And *see People v. Irizarry,* 32 A.D.2d 967, 303 N.Y.S.2d 332 (1969), *aff'd* 27 N.Y.2d 856, 317 N.Y.S.2d 15, 265 N.E.2d 540 (1970); *People v. Jasper,* 107 Misc.2d 992, 436 N.Y.S.2d 185 (1981).

In *Standard* 2.2(c) and *Commentary* e thereto of its *Standards Relating to Criminal Appeals* (Approved Draft, 1970), the American Bar Association Project on Standards for Criminal Justice also favorably views bargained for waivers of appeal. Under the *Standard*,

> [w]here a case has been tried, prior to final judgment, defense counsel should review the prospects of an appeal. One alternative to be considered is whether it is in his client's interests to seek mitigation in the grade of the offense or in the severity of the sentence in exchange for a decision to forego appeal.

And *see* Unif.R.Crim.P. §§ 443(a)(4) and 444(d), 10 U.L.A. 193–94, 204–05 (1974) (expressly permitting waivers of appeals from orders denying pretrial motions).

Cubbage urges the per se rule of invalidity prevailing in Arizona and Michigan. In *State v. Ethington*, 121 Ariz. 572, 592 P.2d 768 (1979), the Supreme Court of Arizona held "that the right to appeal is not negotiable in plea bargaining, and that as a matter of public policy a defendant will be permitted to bring a timely appeal from a conviction notwithstanding an agreement not to appeal." *Id.* at 573–74, 592 P.2d at 769–70. In so concluding the court expressly overruled, to the extent inconsistent, two prior decisions.[1] Arizona public policy was viewed as forbidding "a prosecutor from insulating himself from review by bargaining away a defendant's appeal rights." *Id.* at 573, 592 P.2d at 769.

The Michigan cases begin with *People v. Harrison*, 386 Mich. 269, 191 N.W.2d 371 (1971) in which two separate prosecutions were involved. After the defendant had been convicted in case one, he plea bargained in case two. That bargain included a promise not to appeal case one. Case two was postponed by the state pending performance of the defendant's promise. After the defendant breached, the state prosecuted case two to conviction. The opinion deals

---

**1.** These were *State v. Dover*, 114 Ariz. 141, 559 P.2d 697 (App.1976) and *State v. Gutierrez*, 20 Ariz.App. 337, 512 P.2d 869 (1973).

with the appeal from that conviction asserting denial of speedy trial. After saying that the state did not have good grounds for postponing case two, the Michigan court, mindful of that state's constitutional guarantee of the right of appeal even after a plea of guilty, called the waiver of appeal "constitutionally obnoxious" and said "[s]uch action serves to chill the exercise of a defendant's constitutional right to appeal a criminal conviction...." *Id.* at 275, 191 N.W.2d at 374. In *People v. Butler*, 43 Mich.App. 270, 280–81, 204 N.W.2d 325, 330 (1972), the Court of Appeals of Michigan added a second reason for invalidating waivers of appeal over and above the "absolute right founded on a provision of [the Michigan] [S]tate Constitution." That reason was that "[i]f such bartering were to be permitted, the prosecution would indeed be able to insulate, in many cases, guilty pleas accepted in contravention of standards which have been developed with painstaking care to afford defendants their basic rights." *Id.*

We are unpersuaded by the Arizona and Michigan authorities. Maryland law does not give such weight to the interests relied upon in the minority cases. In Maryland a prosecutor may by plea bargaining "insulate" himself from an appellate review of right. Plea bargains commonly include the entry of a plea of guilty to one or more charges. By Ch. 295 of the Acts of 1983, subsection (e) was added to Md.Code (1974, 1984 Repl.Vol.), § 12–302 of the Courts and Judicial Proceedings Article (Courts Article). Subsection (e) provides that Courts Article § 12–301, the general conferral of a right of appeal, "does not permit an appeal from a final judgment entered following a plea of guilty in a circuit court. Review of such a judgment shall be sought by application for leave to appeal."

The foregoing statute is implemented by MD.R. 1096. In *Boone v. State*, 56 Md.App. 8, 12, 466 A.2d 66, 68 (1983), the Court of Special Appeals interpreted Rule 1096 to mean that

for an application for leave to appeal from a judgment entered pursuant to a guilty plea to be sufficient, it must contain a brief statement of facts setting forth the rea-

sons why the order should be reversed or modified. In addition, a list of the alleged errors committed by the trial court must be included in the application. Bare conclusions of the applicant's positions will not suffice and will instead result in a denial of the application.

The difference between the absence, due to § 12–302(e), of an absolute right of appeal following conviction on a guilty plea and the waiver of appeal following a finding of guilty is too slender to permit a judicial declaration of public policy applicable to findings of guilty which is contrary to the policy embedded in the statute governing guilty pleas.

The absence of any Maryland policy against the knowing and voluntary waiver of the right of appeal is also illustrated by two other statutes. Md.Code (1957, 1982 Repl.Vol., 1985 Cum.Supp.), Art. 27, § 641 provides for probation before judgment under certain conditions including the written consent of the accused. Under § 641(a)(3), by consenting to a stay of entering judgment, the accused "waives the right to appeal from the judgment of guilt by the court at any time." A similar provision for the waiver of appeal is found in Art. 27, § 292(b) dealing with probation before judgment and criminal record expungement in controlled dangerous substance cases involving a first time offender.

■ Cubbage urges that a distinction should be made between a defendant who admits guilt by pleading guilty and one who has stood trial and who continues to maintain innocence. Appellant submits that the latter should not be bound by an agreement with the State from obtaining appellate review of the sufficiency of the evidence against him.[2] But protestations of innocence do not prevent a court from accepting a guilty plea which has been knowingly and voluntarily tendered in order to obtain some sentencing consideration. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

---

**2.** The bargain with the State concerning sentencing in this case was negotiated by counsel other than counsel for Cubbage on this appeal.

Cubbage additionally suggests that the "coercive circumstances [of impending sentencing] seem to severely limit the possibility that the criminal defendant has given a voluntary and knowing waiver." The argument invites us to rule that sentencing considerations in a plea bargain are per se coercive, a ruling which would destroy the plea bargaining process. In *Loveday v. State*, 296 Md. 226, 235, 462 A.2d 58, 62 (1983), we repeated what had been said in *State v. Brockman*, 277 Md. 687, 693, 357 A.2d 376, 381 (1976), namely, that " 'plea bargains, when properly utilized, aid the administration of justice and, within reason, should be encouraged.' " And *see Kisamore v. State*, 286 Md. 654, 656, 409 A.2d 719, 720 (1980). Cubbage's argument that the prospect of sentencing constitutes coercion as a matter of law has been presented to the Supreme Court of the United States in the context of a bargained for guilty plea. In *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the Court rejected the argument on the following rationale:

> While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable"— and permissible—"attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Chaffin v. Stynchcombe*, [412 U.S. 17, 31, 93 S.Ct. 1977, 1985, 36 L.Ed.2d 714, 726 (1973) ]. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty. [434 U.S. at 364, 98 S.Ct. at 668, 54 L.Ed.2d at 611.]

This reasoning is equally applicable to one who faces sentencing after having been found guilty and who bargains for sentencing advantages in consideration of a waiver of appeal. It was so held in *Staton v. Warden, supra,* 175

Conn. at 332–33, 398 A.2d at 1178 and in *State v. Gibson,*
*supra,* 68 N.J. at 510–11, 348 A.2d at 774.

The answer to question 1 is "Yes."

2.

In the instant case the trial judge, through a full explana-
tion to and examination of Cubbage, satisfied himself and
developed on the record that Cubbage's waiver of appeal
was knowing and voluntary. Indeed, Cubbage does not
even argue that the trial court omitted to advise, or to cause
Cubbage to be advised, of some aspect of the waiver which
was required expressly to be brought to his attention.
Thus, this case presents the issue embodied in question 2(a),
*i.e.,* "What, if anything, must a trial judge do on the record
to assure that the waiver is knowing and voluntary?", only
because it is implicit in our answer to question 1.

■ As there indicated, we draw heavily on the analogy
to the taking of guilty pleas. The trial judge must find that
the waiver is knowing and voluntary, but no particular
ritual or form of litany is required. Appellate review will
determine whether there was compliance with that standard
by looking to the totality of the circumstances as reflected
in the record as a whole. *Cf. State v. Priet,* 289 Md. 267,
424 A.2d 349 (1981), dealing with the taking of guilty pleas.

Question 2(b) asks: "Are there any issues that cannot be
waived and, if so, what are they?" Cubbage's position on
this issue is that a defendant is always entitled to appellate
review of the sufficiency of the evidence to convict, notwith-
standing a waiver of appeal. He analogizes to the require-
ment that there be a factual basis for a guilty plea. *See*
MD.R. 4–242(c) and *North Carolina v. Alford, supra,* 400
U.S. at 37–38, 91 S.Ct. at 167–68, 27 L.Ed.2d at 171–72. The
law requires a factual basis for a guilty plea as a protection
for an accused who has not put the State's case to the test
of trial. Here Cubbage was found guilty by the court after
a full trial on the merits.

In essence, the question is what consequences does a
valid waiver of appeal carry. Logically, once the appellate
court has determined that the waiver was knowing and

voluntary, the appeal should be dismissed. That was the mandate of the court in *People v. Fearing, supra,* 110 Ill.App.3d 643, 66 Ill.Dec. 378, 442 N.E.2d 939. On the other hand the Supreme Court of New Jersey has taken the view in *State v. Gibson, supra,* 68 N.J. 499, 348 A.2d 769 that a valid waiver of appeal would not be enforced by dismissing the appeal. Rather, that court treated a timely appeal as a rescission of the plea bargain, giving rise to an option in the state to revoke sentencing considerations and to cause the defendant to be subjected to resentencing.

There are difficulties with the New Jersey approach. If the sentencing considerations supporting the waiver of appeal are in the very case being appealed and if the rule is that the appeal may be heard on the merits despite the waiver, economy of time would dictate deferring resentencing until the appeal is concluded, inasmuch as a reversal on the merits would wipe out the conviction on which the increased sentence was based. But if resentencing is deferred and the appeal is affirmed on the merits, it may well be too late to modify the sentence. Further, modification of the sentence while the appeal is pending may give rise to a second appeal, or at least to additional issues in the original appeal, raising, for example, vindictiveness.

There are also practical difficulties in limiting the State to rescission where the defendant breaches the waiver of appeal feature of an agreement which involves multiple cases. The consideration for a waiver of appeal in case one and for a guilty plea in case two may well be favorable sentencing in case two. If the defendant breaches part of the agreement by appealing case one and the state elects no longer to be bound with respect to the sentencing in case two, may the defendant then withdraw the guilty plea in case two? If so, the state may not be able to reassemble the prosecution witnesses and prove a case, and the state will have been sandbagged. If the defendant may not withdraw the plea of guilty in our hypothetical, the consequences to him in case two may be more horrendous than having his appeal in case one dismissed.

■ All of these ramifications lead us to conclude that the better rule is to hold the defendant to the knowing and voluntary waiver which he made. Once the appellate court confirms that the waiver is indeed knowing and voluntary, the appeal going to the merits of the judgment of conviction should be dismissed.

Cubbage also lists, as issues which an appellate court must review notwithstanding a waiver of appeal, (1) jurisdiction of the trial court, (2) the legality of the sentence received, (3) the voluntariness of his waiver of appellate rights, and (4) competency of the counsel who represented him. Only voluntariness, and then only as a matter of law, has been raised in the case before us, and that issue is resolved under question 1. The remaining points are not presented in this case, and Rule 1015 does not oblige us to opine on them.

### 3.

We need not address the third certified question which presupposes Cubbage's waiver to be invalid.

CERTIFIED QUESTIONS ANSWERED AS ABOVE SET FORTH. CASE REMANDED TO THE COURT OF SPECIAL APPEALS. COSTS TO ABIDE THE RESULT IN THE COURT OF SPECIAL APPEALS.