**STATE of Iowa, Appellant,**

v.

**Mark Allen HINNERS, Appellee.**

**STATE of Iowa, Appellee,**

v.

**Mark Allen HINNERS, Appellant.**

**No. 90–497.**

Supreme Court of Iowa.

June 19, 1991.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., David Gidel, Calhoun County Atty., and David P. Jennett, Sac County Atty., for appellant State.

Dan T. McGrevey, Fort Dodge, for appellee Hinners.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

In this consolidated criminal appeal we must decide two issues. In the first appeal we must decide whether there was a valid implicit condition that the defendant waived the right to appeal in a plea bargain agreement. In the second appeal we must decide whether the district court abused its discretion when it overruled the defendant's motion to dismiss based on an alleged violation of the defendant's speedy trial rights. In the first appeal we hold there was no such condition. In the second appeal we hold the district court did not abuse its discretion. We affirm on both appeals.

Mark Allen Hinners was charged with violating the same statute—driving while barred—on two different occasions and in two different counties. *See* Iowa Code § 321.561 (1989). One violation allegedly occurred in Calhoun County and the other in Sac County.

Hinners reached a plea agreement with the prosecutor from Sac County. The agreement was oral and provided that Hinners would plead guilty to the Calhoun County charge in return for dismissal of the Sac County charge.

Hinners pleaded guilty to the Calhoun County charge. This was after he unsuccessfully moved to have the charge dismissed because of an alleged speedy trial violation.

After Hinners' plea to the Calhoun County charge, Judge Gary L. McMinimee sentenced Hinners to one year in the county jail. The court suspended all but sixty days of the sentence. Hinners appealed, challenging the district court's denial of his motion to dismiss.

After Hinners appealed, the Sac County attorney refused to dismiss the Sac County charge. He refused for two reasons: he thought Hinners' sentence was lighter than the parties had agreed to, and Hinners had appealed.

By this time Hinners had new counsel who moved for specific performance of the plea agreement and dismissal of the Sac County charge. Following a hearing on this motion, Judge Allan L. Goode granted the motion and dismissed the charge. The judge did so because he thought the State had breached the plea agreement.

The State appealed from this ruling. Hinners' appeal and the State's appeal were consolidated.

I. On appeal the State takes the position that the Sac County district court abused its discretion when it dismissed the Sac County charge. The reason, the State argues, is that the defendant himself first breached the agreement when he appealed from the Calhoun County conviction. This contention raises the issue whether there is a valid implicit condition in a plea bargain agreement that the defendant waives the

right of appeal. For reasons we discuss, we hold that there is not.

The State has apparently abandoned its position that there was an agreement that Hinners receive a minimum of ninety days jail time. In any event we think there was ample evidence for the district court's finding that this was not a condition of the agreement.

■ Our scope of review on the State's issue is for abuse of discretion. *See State v. Hovind*, 431 N.W.2d 366, 368 (Iowa 1988).

The United States Supreme Court has recognized and accepted plea bargaining as an effective and desirable method of prompt and efficient disposition of many criminal cases. *Santobello v. New York*, 404 U.S. 257, 260–61, 92 S.Ct. 495, 497–98, 30 L.Ed.2d 427, 432 (1971). This court has likewise recognized and accepted the practice with the following caveat:

> The important thing is not that there shall be no "deal" or "bargain" but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced.

*State v. Whitehead*, 163 N.W.2d 899, 902 (Iowa 1969) (quoting *Cortez v. United States*, 337 F.2d 699, 701 (9th Cir.1964)); *see also* Iowa R.Crim.P. 9 (establishing rules for plea bargaining).

■ Generally, in a plea bargain the defendant agrees to plead guilty to one or more charges. In return the State agrees to reduce the charges against the defendant, to dismiss or refrain from bringing other charges, or to present the court with a favorable sentence recommendation. *See* Borman, *The Chilled Right to Appeal From a Plea Bargain Conviction in a Due Process Case*, 69 Nw.U.L.Rev. 663, 664 (1974). The plea agreement binds the defendant as well as the State.

■ There is no federal constitutional basis for the right of appeal. *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651, 657–58 (1977). Some states have constitutional provisions

securing that right. *See, e.g., People v. Fearing*, 110 Ill.App.3d 643, 644–45, 66 Ill. Dec. 378, 379, 442 N.E.2d 939, 940 (Ill.App. 1982) (citing Ill. Const. 1970, art. VI, § 6); *People v. Butler*, 43 Mich.App. 270, 279–81, 204 N.W.2d 325, 330 (1972) (citing Mich. Const. 1963, art. 1, § 20). In Iowa the right of appeal is statutory and not constitutional. *Farmers Trust & Sav. Bank v. Manning*, 359 N.W.2d 461, 463 (Iowa 1984); *see also* Iowa Code § 814.6(1)(a) (defendant in original case has right of appeal from final judgment of sentence except in case of simple misdemeanor and ordinary violation convictions).

However, once the right of appeal has been established, "these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." *Rinaldi v. Yeager*, 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577, 581 (1966). Even though the right to appeal may be statutory, the right has been "jealously protected." *Staton v. Warden*, 175 Conn. 328, 333–36, 398 A.2d 1176, 1179 (1978) (waiver of right to appeal must be made voluntarily, knowingly, and intelligently and may not be inferred); *see also Douglas v. California*, 372 U.S. 353, 356–57, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811, 814 (1963) (indigent's right to court-appointed counsel on appeal); *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891, 898 (1956) (right of indigent to free transcript on appeal); *United States ex rel. Williams v. LaVallee*, 487 F.2d 1006 (2d Cir.1973), *cert. den.*, 416 U.S. 916, 94 S.Ct. 1622, 40 L.Ed.2d 118 (1974) (right to be properly advised of right to appeal).

Our own rules of criminal procedure require the trial court to inform the defendant that

> any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal.

Iowa R.Crim.P. 8(2)(d). In addition, Iowa Rule of Criminal Procedure 22(3)(e) requires the sentencing court to advise the defendant after sentence is imposed of the

defendant's statutory right to appeal, the time limits for perfecting the appeal, and the consequences for failing to file in time. Once a defendant appeals from a conviction of an indictable offense such a defendant, if indigent, is statutorily allowed a transcript and appointed counsel. *See* Iowa Code §§ 814.9, 814.11.

A number of courts have considered the issue whether a defendant may expressly waive the right of appeal as part of a plea bargain agreement. Most of them have upheld such agreements upon a showing that the defendant voluntarily, knowingly, and intelligently waived the right. *See United States v. Navarro–Botello*, 912 F.2d 318, 321 (9th Cir.1990); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir.1990); *United States ex rel. Amuso v. LaVallee*, 291 F.Supp. 383, 385–86 (E.D.N.Y.1968), *aff'd*, 427 F.2d 328, 329 (2d Cir.1970); *Gwin v. State*, 456 So.2d 845, 848–49 (Ala.Crim. App.1984); *People v. Charles*, 171 Cal. App.3d 552, 561, 217 Cal.Rptr. 402, 407–08 (1985); *Staton v. Warden*, 175 Conn. 328, 333–36, 398 A.2d 1176, 1179 (1978); *Weatherford v. Commonwealth*, 703 S.W.2d 882, 883 (Ky.1986); *People v. Nichols*, 143 Ill. App.3d 673, 675–76, 97 Ill.Dec. 870, 872–73, 493 N.E.2d 677, 679–80 (Ill.App.1986); *State v. McKinney*, 406 So.2d 160, 161–62 (La.1981); *Cubbage v. State*, 304 Md. 237, 245–49, 498 A.2d 632, 637–38 (1985); *State v. Gibson*, 68 N.J. 499, 512–14, 348 A.2d 769, 776 (1975); *People v. Seaberg*, 74 N.Y.2d 1, 6–9, 543 N.Y.S.2d 968, 970, 541 N.E.2d 1022, 1024–25 (1989); *State ex rel. Adams v. Norvell*, 1 Tenn.Crim.App. 648, 649–51, 448 S.W.2d 454, 455 (1969). *See generally* Annotation, *Validity & Effect of Criminal Defendant's Express Waiver of Right to Appeal as Part of Negotiated Plea Agreement*, 89 A.L.R.3d 868 (1979).

The rationale usually given for upholding such waivers is cited in *Navarro–Botello:*

> It is well settled that a defendant may affirmatively waive his constitutional rights to have a jury trial, to confront and cross-examine witnesses against him, and to claim his Fifth Amendment privilege against self-incrimination. Such waivers are often negotiated as part of a voluntary plea agreement with the Government. Indeed, such waivers in plea bargaining are now accepted as an "important component[ ] of this country's criminal justice system."
>
> The Supreme Court has found that knowing and voluntary constitutional waivers do not violate due process. Accordingly, if it is not a due process violation for a defendant to waive constitutional rights as part of a plea bargain, then a defendant's waiver of a nonconstitutional right, such as a statutory right to appeal a sentence, is also waivable.

*Navarro–Botello*, 912 F.2d at 321 (citations omitted).

The *Navarro–Botello* court also rejected any notion that such waivers offended public policy. The court gave several reasons. The waiver as part of a plea bargain agreement saves the state time and money. It also tends to ensure some satisfaction of the public's interest in the prosecution of crime and confirms that the prosecutor's charges have a basis in fact. But most important, the waiver ensures finality. *See id.* at 322.

Another court, while mentioning these benefits to the State, also stressed benefits to the defendant. *Charles*, 171 Cal.App.3d at 558–59, 61, 217 Cal.Rptr. at 405–06. Such benefits include "lessened punishment by way of reducing the charges, dismissing or refraining from bringing other charges or presenting the court with favorable sentence recommendation." *Id.* at 558, 217 Cal.Rptr. at 405.

Two courts hold that an express waiver of the right to appeal is not valid. *See State v. Ethington*, 121 Ariz. 572, 573–74, 592 P.2d 768, 769–70 (1979); *People v. Butler*, 43 Mich.App. 270, 279–81, 204 N.W.2d 325, 330 (1972). These courts view such waivers as a violation of a public policy that forbids prosecutors from insulating convictions from review by bargaining away a defendant's right of appeal.

■ We think the majority rule is the better one and adopt it. We do so for several reasons.

First, this court too recognizes that a defendant who enters a plea of guilty

waives those constitutional rights listed in *Navarro–Botello* as well as several others. *See Kyle v. State*, 364 N.W.2d 558, 561 (Iowa 1985). We too think that if a defendant can waive such important constitutional rights, the defendant ought to be able to waive a lesser statutory right such as the right of appeal. We think, however, that such waiver should meet the same federal due process criteria required for waiver of constitutional rights. Like waiver of constitutional rights, we think the waiver of the right to appeal should be voluntary, knowing, and intelligent. *See id.* This presupposes the defendant knows about the right of appeal and intentionally relinquishes it. *Id.*

▪ Second, we think a waiver of the right to appeal serves rather than offends public policy because such a waiver promotes settlements and thereby brings about finality. As a matter of public policy, we favor settlements. This applies to criminal as well as civil litigation if the settlement is fair, noncoercive, and considers the interests of both the defendant and the State.

Last, the Uniform Rules of Criminal Procedure expressly permit a defendant to waive the right of appeal. Unif.R.Crim.P. 444(f) (1987). Likewise, the American Bar Association Project on Standards for Criminal Justice, in the Standards Relating to Criminal Appeals, acknowledges the validity of an express waiver of the right to appeal. *ABA Standards for Criminal Justice* 21–1.3 (1987). Although not binding on us, we think both are persuasive because they express the mainstream thinking in this country on this issue.

▪ In summary, we hold that a defendant may expressly waive the right to appeal in a plea bargain agreement as long as the defendant voluntarily, knowingly, and intelligently waives the right. Here the Calhoun County district court was never advised of the plea bargain agreement reached between Hinners and the Sac County prosecutor. So the court had no opportunity to ask Hinners whether he knew he had a right of appeal, whether he voluntarily waived the right, and whether

he knew the consequences of such a waiver. Without a record about these inquiries, there is no affirmative showing that Hinners voluntarily, knowingly, and intelligently waived his right of appeal. In these circumstances we do not infer a waiver from a silent record. *See Staton*, 175 Conn. at 333–36, 398 A.2d at 1179 (record must affirmatively show that the defendant's decision to waive the right of appeal is voluntarily, knowingly, and intelligently made).

▪ The Sac County district court was well within its discretion when it dismissed the charge there. When the prosecutor breaches a plea bargain, as the prosecutor did here, the remedy is either specific performance or withdrawal of the plea. The decision on which remedy to use is within the discretion of the trial court. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433; *accord State v. Wenzel*, 306 N.W.2d 769, 771 (Iowa 1981). We affirm the Sac County district court's ruling dismissing the charge.

The result we reach does not prejudice the State because in division II we affirm the judgment of conviction on the Calhoun County charge. In effect, the State receives exactly what it bargained for: a conviction on the Calhoun County charge in return for a dismissal of the Sac County charge.

II. In Hinners' appeal we find no merit to his claim that the district court abused its discretion when it overruled his motion to dismiss based on an alleged speedy trial violation. Iowa Rule of Criminal Procedure 27(2)(b) provides that

> [i]f a defendant indicted for a public offense *has not waived his right to a speedy trial* he must be brought to trial within ninety days after indictment unless good cause to the contrary is shown.

(Emphasis added.)

▪ On February 26, 1990, Hinners was arraigned on the Calhoun County charge. On February 4, 1990, Hinners had signed a "written arraignment and plea of not guilty." In this document he expressly waived his right to a speedy trial pursuant

to Iowa Rule of Criminal Procedure 27. On this ground alone, the district court acted within its discretion when it over-ruled Hinners' motion to dismiss.

We affirm the ruling as to the motion and Hinners' judgment of conviction on the Calhoun County charge.

AFFIRMED ON BOTH APPEALS.