STATE OF CONNECTICUT *v.* DONALD E. HUNT

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued November 8—decided November 13, 1968

*James W. Marshall,* for the appellant (defendant).

*David B. Salzman,* assistant state's attorney, with whom, on the brief, were *George R. Tiernan,* state's attorney, and *Robert K. Walsh,* assistant state's attorney, for the appellee (state).

PER CURIAM. On June 10, 1968, the Supreme Court of the United States granted certiorari in the case of *Hunt* v. *Connecticut,* 392 U.S. 304, 88 S. Ct. 2063, 20 L. Ed. 2d 1110, and ordered and decreed that the judgment rendered by us in *State* v. *Hunt,* 154 Conn. 517, 227 A.2d 69 (decided February 21, 1967), be vacated and the case remanded for further consideration in the light of *Bruton* v. *United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476, and *Roberts* v. *Russell,* 392 U.S. 293, 88 S. Ct. 1921, 20 L. Ed. 2d 1100, each decided after our decision in *State* v. *Hunt,* supra.

Pursuant to that order, a hearing on the need for a reargument of the appeal in *State* v. *Hunt,* supra, was held on July 2, 1968, at which time counsel for the parties appeared and were heard. Thereupon,

briefs were ordered to be filed on or before October 1, 1968. See *State* v. *Hunt,* 156 Conn. 664, 244 A.2d 413.

Following the filing of briefs pursuant to our order of July 2, 1968, the case was assigned for re-argument on November 8, 1968. On that date, counsel for the parties appeared and were fully heard. Within an hour after completion of the arguments, however, counsel for the defendant reappeared with the defendant and, in the presence of the state's attorney, stated that the defendant wished to withdraw his appeal. The matter was put over until the afternoon session, at which time the defendant's counsel informed us that a withdrawal of appeal, signed by him and by the defendant himself, had been filed.

In open court and in the presence of counsel for the parties, the defendant was asked whether he spoke and understood English, whether he understood what his withdrawal of appeal was and what it meant and whether, as to it, he was acting voluntarily. To each question, the defendant responded in the affirmative and stated that the reason for his withdrawal of appeal was to avoid the hazard of a new trial on the same charge with its attendant possibility of an increased sentence. The state's attorney indicated that he had no objection to the withdrawal of the appeal.

The appeal having been effectively withdrawn, there remains no case for further consideration.