[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 6, 1997
The petitioner was convicted after a jury trial on March 9, 1990 of the offense of felony murder pursuant to General Statutes § 53a-54c, State v. Mcintire; Docket No. JDSN-3007. On July 6, 1990 the petitioner was sentenced (Katz, J.) to the minimum period of incarceration of twenty-five years. At his trial, the petitioner was represented by Attorney Jerome Rosenblum, his court appointed public defender. Trial counsel also represented the petitioner at sentencing and in July of 1990 he filed a waiver of fees and costs in order to preserve the petitioner's appellate rights. Throughout the proceedings the petitioner's mother served as guardian ad litem for the petitioner who was sixteen at the time of his conviction. In November of 1990, trial counsel abandoned the right to appeal prior to filing briefs or ordering the transcript.
On March 12, 1992, the petitioner brought this petition for writ of habeas corpus. On March 14, 1997, the petition was amended alleging that trial counsel had failed to advise him of his right to appeal, failed to ensure that the petitioner understood his right to appeal existed only within certain time frames, failed to advise as to the merits or issues on appeal, and failed to advise the petitioner as to his right to have separate counsel and a court determination as to whether an appeal was frivolous. The petitioner in essence claims that his waiver of his right to appeal was not knowingly, intelligently, and voluntarily relinquished.
On March 27, 1997 a hearing was held on the petition. At the hearing, the petitioner testified as did the petitioner's guardian. The respondent called trial counsel as well as Vasco Willis who acted as trial counsel's investigator throughout the original proceeding including the appeal period.
After hearing the court finds the following facts. At the time of the trial the petitioner was sixteen years old and represented by his court appointed public defender. He was also advised by his court appointed guardian ad litem, Belinda McIntire Goskin, his mother. The petitioner was cooperative with counsel throughout the trial and had relied on his counsel and guardian for advice. He never sought or obtained advice from any other counsel. The only discussion the petitioner had with his CT Page 5004 counsel with respect to taking an appeal of his conviction occurred on the day of sentencing. The petitioner does not recall ever having this conversation and trial counsel's recollection was non specific as to what was communicated. Trial counsel, after sentencing, properly preserved the right of the petitioner to appeal by filing a request for a waiver of costs and fees. Trial counsel also testified that there may have been legitimate appellate issues but that he felt that it was not in the petitioner's best interest to appeal. This opinion by trial counsel was based upon his conclusion that he could not guarantee that if the appeal was successful and the petitioner was retried, that he would not receive a sentence more severe than the twenty-five year minimum sentence that had been imposed. This analysis was conveyed to the guardian of the petitioner in a telephone conversation, but never discussed with petitioner directly. On November 6, 1990 trial counsel sent a letter to the guardian (Petitioner' Exhibit A). In this letter trial counsel indicated that the time to make a decision regarding the appeal had arrived although he did not advise as to any specific time frame. He also stated, contrary to his testimony at trial, that he did not believe any mistakes were made at trial and that it was his opinion that this case "did not lend itself to a reversal by the Appellate Court." He closes his letter by stating that "I believe an appeal could serve no useful purpose and would advise against it." The uncontroverted testimony is that trial counsel had no contact with the petitioner from the date of sentencing to the date of this letter or thereafter. On November 26, 1990, the guardian wrote back to the trial counsel responding that "my son Craig and I have agreed with your decision." (Petitioner's Exhibit B.) The decision not to appeal was confirmed in a telephone conversation between the petitioner and trial counsel's investigator, Vasco Willis (See Respondent's Exhibit 1).
The petitioner seeks to have his appellate rights restored. Our Appellate Court has had occasion to determine the authority of the habeas court to restore appellate rights. The Appellate Court has stated in State v. Phidd, 42 Conn. App. 17, 28 (1996):
 A writ of habeas corpus seeks a special and extraordinary remedy for illegal restraint. The remedy may be an absolute discharge, a denial of all relief or a discharge conditioned on an event, such as appellate review or a new trial. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Fredericks v. Reincke, supra, 152 Conn. 501, 506-07. CT Page 5005 The statutory language "dispose of the case as law and justice require" gives the habeas court the power to conform a remedy to the particular facts. We conclude that a habeas court may choose a remedy of the restoration of appellate rights as a condition of discharge. This conditional discharge is a necessary power when a habeas court, on the basis of the facts, determines that a denial of all relief would be inequitable and that an absolute discharge from custody is equally inequitable. An order for a new trial or an order for appellate review of the first trial for alleged constitutional improprieties may be warranted, failing which the petitioner may be discharged.
Having determined that this court has the authority to restore or reinstate appellate rights the issue then becomes whether the failure to pursue the initial appeal resulted from the petitioner's knowing, voluntary and intelligent waiver of that right. This court finds that no evidence exists that the petitioner was advised of the possible merits of his appeal, the effect of not filing the appeal, or the fact that he had a right to a review of any decision by his counsel that the appeal was in fact frivolous.
No evidence was presented at the habeas hearing that demonstrated that either the petitioner or his guardian were ever adequately advised of the issues that may be appealed; the effects of failing to appeal; or the petitioner's option under the Anders doctrine, Anders v. California 386 U.S. 738 (1967), if trial counsel determined that the appellate issues were frivolous. If trial counsel determined that there were no non-frivolous issues as stated in his letter of November 6, 1990, he should have advised the petitioner of these options and complied with Practice Book § 952 et. seq. If on the other hand trial counsel believed that there were issues but it was nevertheless not in the petitioner's best interest to appeal, as he testified at the habeas hearing, then the November 6, 1990 letter was misleading and coupled with the lack of advisement to the petitioner of his rights there could be no knowing, intelligent and voluntary relinquishment of a known right.
In Staton v. Warden, 175 Conn. 328, 334, our Supreme Court stated: CT Page 5006
 A waiver is defined as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461; Talton v. Warden, 171 Conn. 378, 385, 370 A.2d 965; and the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case. McKinney v. United States, 403 F.2d 57, 59 (5th Cir.). The record before us does not affirmatively disclose that the plaintiff's decision to waive his right to appeal was voluntarily, knowingly, and intelligently made. See State v. Hunt, 157 Conn. 590, 591, 251 A.2d 77.
The record before this court does not demonstrate that the petitioner's decision to waive his right to appeal was voluntarily, intelligently or knowingly made. See also Smith v.Robinson, Warden, 8 Conn. App. 459, (1986).
The record does disclose that the trial counsel believed that there may be certain valid issues an appeal but a new trial would, in his estimation, result in another conviction with the possibility of a greater sentence. This was a decision to be made only by the petitioner after consulting with his guardian and counsel. Trial counsel's only communication of this fact was to the guardian, not to the petitioner. While it was appropriate, and in fact necessary, to include the guardian in these discussions it should not have been to the exclusion of the petitioner. Furthermore, the necessary discussions with the petitioner and guardian with respect to the merits of the appeal and regard to the petitioner's right to counsel never took place. It should also be noted that the petitioner has alleged and the respondent admitted that there was no deliberate bypass of the appellate right. The court agrees, and thus so finds.
This court cannot find that the plaintiff knowingly, intelligently and voluntarily relinquished his appellate rights. The failure to conduct discussions directly with the petitioner leads the court to find that there was ineffective assistance of counsel at the time the appeal was not pursued. The fact that the petitioner at the time was only sixteen years old only adds to the petitioner's claim. The burden of trial counsel is substantially greater to insure that any waiver of rights is voluntary, intelligent and knowing when a minor is the client. CT Page 5007
For all of the above reasons, the court grants the petition and orders the petitioner's right of appeal restored. To effectuate this order the office of the chief public defender is appointed to represent the petitioner on appeal and the appeal period shall commence as of the date of this decision.
ZARELLA, J.