**In the Interest of R.K., Minor Child,**

**J.S., Mother, Appellant.**

No. 02–0359.

Court of Appeals of Iowa.

May 31, 2002.

Stephanie Hassler of the Hassler Law Office, Manchester, for appellant.

Thomas J. Miller, Attorney General, Tabitha Gardner, Assistant Attorney General, John Bernau, County Attorney, and Richard Feeney, Assistant County Attorney, for appellee-State.

John Carr of Carr & Carr, Manchester, guardian ad litem for minor child.

PER CURIAM.

Regina K. was born to Jean S. and Kevin K. on May 27, 2001. She was removed from the custody of her parents while still in the hospital due to concerns that Jean and Kevin, who both suffer from a schizophrenic disorder, were not able to adequately care for her. On May 31, 2001, the State filed a Child in Need of Assistance (CINA) petition and the parents were subsequently provided with numerous services including mental health treatment and parent skill development. On October 23, 2001, the court adjudicated Regina in need of assistance pursuant to Iowa Code sections 232.2(6)(b), 232.2(6)(c)(1), 232.2(6)(c)(2), and 232.2(6)(n) (2001). The court subsequently terminated Jean's parental rights pursuant to sections 232.116(1)(c), 232.116(1)(d), 232.116(1)(f), 232.116(1)(g), and 232.116(1)(j) [1]. Jean appeals this February 21, 2002 order, contending the juvenile court should have entered a permanency order and extended the placement for an additional six months.

■ *Termination.* The juvenile court did not address permanency, but rather terminated under multiple code sections. We only need to find grounds to terminate parental rights under one of the sections cited by the district court in order to affirm its ruling. *In re A.J.*, 553 N.W.2d 909, 911 (Iowa Ct.App.1996). We conclude the court properly terminated Jean's parental rights as opposed to entering a permanency order and granting the parties additional time before terminating parental rights. Jean's rights were terminated under section 232.116(1)(g) which requires that (1) the child is three or younger, (2) the child has been adjudicated in need of assistance, (3) the child has been removed from the parent's custody for the last six consecutive months, and (4) there is clear and convincing evidence the child cannot be returned to the parent's custody.

■ Jean's mental illness seriously impacts her ability to parent this child, making termination the only workable solution for Regina. The record is replete with failed services, inability to learn proper parenting skills, and recommendations from service providers and psychological evaluators noting Jean's inability to effectively care for Regina. Jean clearly fails to understand the very basics of parenting a child as young as Regina and is prone to volatility and neglect. During visits with Regina, Jean had trouble simply holding her, feeding her, and providing her with a comfortable environment. In 1996, Jean's parental rights to another child, Leann, were also terminated, illustrating that her mental health issues have impacted her ability to effectively parent for a consider-

1. Now codified at Iowa Code sections 232.116(1)(d), (e), (g), (h), and (k) (Supp. 2001).

able length of time. There is no indication Jean's skills, knowledge, or willingness to learn improved throughout the pendency of this case.

■ *Due Process.* Jean also argues Iowa's new rules for appeals in termination cases [2] violate her rights to due process as guaranteed by the Fourteenth Amendment. We begin with the basic premise that a parent has a fundamental liberty interest in the care, custody, and control of his or her child, *Troxel v. Granville,* 530 U.S. 57, 65–66, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49, 56–57 (2000), and a child has a reciprocal interest in the relationship. *F.K. v. Iowa Dist. Ct.,* 630 N.W.2d 801, 808 (Iowa 2001). When the State seeks to terminate the relationship between a parent and child, it must comply with the requisites of the Due Process Clause. *Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 37, 101 S.Ct. 2153, 2165, 68 L.Ed.2d 640, 656 (1981); *In re D.D.,* 476 N.W.2d 737, 739 (Iowa Ct.App.1991). The nature of the process due in a parental rights termination proceeding turns on a balancing of the three distinct factors as specified in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976); the private interests affected by the proceeding; the risk of error created by the State's chosen procedure; and the countervailing governmental interest supporting use of the challenged procedure. *Lassiter,* 452 U.S. at 27–31, 101 S.Ct. at 2159–62, 68 L.Ed.2d at 650–52. Generally, the process that is due is flexible and requires only the "procedural protections as the particular situation demands." *Morrissey*

*v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972).

■ Jean's interests in the care, custody, and control of her child were fully litigated at the termination hearing, and she makes no claim her due process rights were violated at that hearing. Instead she claims the reduced time from when she received the transcript of the trial court proceedings to the time the petition was due [3] prevented her counsel from thoroughly reviewing the transcript, fully researching the issues, and adequately drafting the petition for appeal, thereby depriving her of a fundamentally fair appellate review.

■ Both parties acknowledge there is no federal constitutional basis for the right of appeal. *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651, 657–58 (1977); *State v. Hinners,* 471 N.W.2d 841, 843 (Iowa 1991). However, once the right of appeal has been established, "these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." *Hinners,* 471 N.W.2d at 843. The right to appeal an order entered in a termination of parental rights case is found in Iowa Code section 232.133, which also grants our supreme court the authority to prescribe rules to expedite the appellate process [4]. *See Iowa Civil Liberties Union v. Critelli,* 244 N.W.2d 564, 568 (Iowa 1976) (recognizing the inherent common law authority of courts to promulgate rules of practice and procedure). Accordingly, rules were prescribed and made ef-

---

**2.** Iowa R.App. P. 6.5, 6.6, 6.10, 6.151, 6.152, 6.153, 6.154.

**3.** Counsel claims to have received the trial transcript on March 18, 2001. The petition on appeal was due March 21, 2001.

**4.** Except for appeals from an order entered pursuant to section 232.117, appellate procedures shall be governed by the same provisions applicable to appeals from the district court. The supreme court may prescribe rules to expedite the resolution of appeals from final orders entered pursuant to sections 232.117. Iowa Code § 232.133(2).

fective for termination of parental rights orders entered after December 31, 2001.

We acknowledge the rules limit the time for counsel to closely review the transcript. However, Iowa Rule of Appellate Procedure 6.6(4) dispenses with the requirements of filing a traditional proof brief, brief, and appendix, all of which are dependent on having a transcript in hand to tie alleged legal and factual error to the record. Rather, under the new rules, the appellant prepares a petition, following a format provided in the forms sections of the rules. Iowa R.App. P. 6.751, Form 4. The petition is limited in content and directs the appellant to raise issues for appeal rather than arguing issues in a full appellate brief. Iowa R.App. P. 6.151. Reliance on a transcript is further minimized by the requirement that trial counsel bring the petition for appeal, rather than having appellate counsel appointed for that task. Iowa R.App. P. 6.6(4). Trial counsel's presence and participation at the termination hearing facilitates counsel's ability to identify and raise issues on appeal. In addition, trial counsel has a copy of all exhibits introduced at trial as available resources when preparing the petition on appeal. While full briefing requires counsel to scour the transcript for factual inconsistencies and legal error, the new rules do not require citation to the record. Rather, a brief recitation of the material facts is set forth, and legal issues are raised with supporting authority. Iowa R.App. P. 6.151(2). The appellate court then proceeds to conduct its de novo review of the trial court's ruling, using the record and transcript provided to it. Iowa R.App. P 6.154(1). As a protection to the parties, should the appellate court determine an issue requires expanded argument, the rules allow it to order full briefing. Iowa R.App. P. 6.154(1).

Utilizing the petition format serves to bring the termination of parental rights proceedings to a more timely resolution, by either affirming the order of termination, thus freeing the child for adoption, or reversing the order and allowing the parent to regain custody.[5] The expedited procedure thus can serve to benefit both the parents and the child by moving to permanency in a more timely fashion, reducing the time all must wait in litigation limbo until their case is finally resolved.

While both the parents' and child's interests in the parent-child relationship are great, so is the State's interest in resolving matters on appeal that have already been fully litigated[6]. The combination of trial counsel's opportunity to raise possible issues for appeal and the appellate court's ability to review the full record and transcript of the underlying proceeding protects both the parents and child against the risk of erroneous deprivation. *See Mathews v. Eldridge,* 424 U.S. at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 34; *see also United States v. Marines,* 535 F.2d 552, 556 (10th Cir.1976) (holding a summary calendar does not violate due process as long as defendant is able to properly present issues on appeal); *State v. Ibarra,* 116 N.M. 486, 864 P.2d 302, 304 (1993) (stating summary procedure for criminal appeals "must provide a fair opportunity for crimi-

---

**5.** Iowa Rule of Appellate Procedure 6.154 provides the court may affirm, reverse, remand or set the case for full briefing.

**6.** Adoption and Safe Families Act of 1997, Pub.L. No.105–89. The National Council of Juvenile and Family Court Judges' recommended time from termination order until procedendo issue is 150 days. (Adoption and Permanency Guidelines: Improving Court Practice in Child Abuse and Neglect Cases, published by the National Council of Juvenile and Family Court Judges, Reno, Nevada, July 2000.)

nal defendants to present their contentions within the context of those state procedures").

We conclude the process provided by the expedited rules sufficiently safeguards Jean's constitutional due process rights. The challenged rules provide equal and open access to the appellate courts and an opportunity to raise issues for appellate review. Accordingly, we affirm the order terminating Jean's parental rights.

**AFFIRMED.**