# IN THE COURT OF APPEALS OF IOWA

No. 13-1418
Filed July 16, 2014

IN THE INTEREST OF A.S. JR.,
    Minor Child,

E.W., Mother,
    Appellant,

A.S. SR., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Barbara Liesveld, District Associate Judge.

E.W. appeals the juvenile court order terminating her parental rights.
**AFFIMRED.**

Edward F. Crowell, Cedar Rapids, for appellant-mother.

Anthony H. Janney, Vinton, for appellant-father.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Kelly J. Kaufman, Assistant County Attorney, for appellee-State.

Cynthia S. Finley, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

E.W. appeals the juvenile court order terminating her parental rights. She claims she has complied with all requirements set by the juvenile court and the positive drug tests preventing reunification are unreliable. We find termination of E.W.'s parental rights was proper under Iowa Code section 232.116(1)(h) (2013). E.W.'s positive drug tests are sufficiently reliable, and her explanation for the large number of abnormal test results is unconvincing. Because termination is in the child's best interests, we affirm.

## I.    Background Facts and Proceedings

In an August 20, 2013 order, the juvenile court terminated E.W.'s parental rights to A.S. At the time of termination, A.S. was eleven months old. The child came to the attention of the department of human service (DHS) because E.W. was believed to have been abusing drugs and alcohol during her pregnancy, and because E.W. was attempting to obtain prescription drugs while hospitalized following childbirth. E.W. has a lengthy history of substance abuse, and DHS was immediately concerned with her ability to care for A.S.

This is not E.W.'s first experience with DHS or termination proceedings. Her parental rights to an older child were terminated in 2008 after police discovered she was selling drugs out of her home.[1] The juvenile court noted that many of those same concerns and issues are once again present in this case.

---

[1] At the time some of the drugs and paraphernalia were found in places that could be easily reached by the child.

Following removal of A.S. from E.W.'s[2] care, E.W. has been offered a number of services aimed at addressing her substance abuse problems. The offered services included an outpatient substance abuse treatment program. E.W.'s attendance at the program was poor. Over the past several years, E.W. has been in substance abuse treatment at least six times. The juvenile court found she has a history of relapse, denying her substance abuse problems, and later admitting to her relapses and substance abuse.

Of greater concern is the juvenile court's conclusion E.W. has failed to abstain from all mood altering substances as ordered since A.S. was removed from her care. There is one positive test for alcohol, and a complicated history of drug screens. E.W. tested positive for synthetic marijuana five times after removal, and admitted to some use through April 2013. Two of the positive tests, however, were conducted after E.W. claims her drug use ceased.

Evaluation of E.W.'s drug tests is complicated by a high number of missed tests. Since May 21, 2013, E.W. had missed seven drug tests. Of the ten tests conducted, seven were considered abnormal.[3]

E.W. has engaged in regular visitation with A.S., however, visits have often been shortened due to scheduling difficulties. At the time of trial, E.W. was unemployed. There has been a history of miscommunication between E.W. and

---

[2] E.W. was incarcerated at the time of the removal

[3] Two of the tests were considered missed because they were dilute, two more because of abnormally high creatinine levels, one was positive for benzodiazepines and two were positive for synthetic marijuana According to the testimony, dilute tests are considered unreliable because the test may indicate an individual attempting to skew the results by ingesting a large amount of water.

A.S.'s foster parents. E.W. has not always known what formula A.S. is on or how to use necessary medical equipment.

A.S. is developmentally behind, but has improved since the removal. A.S. has sucking and tongue thrust issues, which are being addressed by physical therapy and the foster parents. Visits with E.W. have been conducted outside E.W.'s home because A.S. has respiratory problems and E.W. continues to smoke in her home.

The parental rights of A.S.'s father were terminated at the same time the juvenile court terminated E.W.'s rights. The father failed to timely appeal. By order of our supreme court, dated May 14, 2014, we are directed to disregard the father's appeal. During much of the pendency of this case, the father was incarcerated. He was released from federal prison in June 2013 and subsequently married E.W., despite the advice of his parole officer to stay away from her. It is clear returning A.S. to E.W.'s care is tantamount to returning the child to the father's care.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815, N.W.2d 764, 773 (Iowa 2012). We give weight to the factual findings of the juvenile court, particularly on matters of credibility, but we are not bound by them. *Id.*

## III. Discussion

The juvenile court terminated E.W.'s parental rights on two grounds. First, the juvenile found the State satisfied the grounds set forth in Iowa Code section 232.116(1)(h) (2013). This section allows for termination when the child is three

years old or younger, has been adjudicated in need of assistance, has been removed from the parent's custody for a set period of time, and there is clear and convincing evidence the child cannot be returned to the parents at the present time. *Id.* Second, the juvenile court terminated E.W.'s rights under section 232.116(1)(*l*). This section provides for termination when the child has been adjudicated in need of assistance, the parent has a substance-related disorder placing the parent or child in danger, and there is clear and convincing evidence the child cannot be returned to the parent in a reasonable time. *Id.*

In termination proceedings, we engage in a three-step process. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). If we find grounds to terminate under section 232.116(1), we then consider the best interests of the child under section 232.116(2). *Id.* Finally, we determine whether the permissive exceptions under section 232.116(3) apply. *Id.* Where a parent's rights are terminated under multiple sections, we need to find grounds under only one section to affirm the juvenile court. *In re R.K.*, 649 N.W.2d 18, 19 (Iowa Ct. App. 2002).

E.W. claims in this appeal that A.S. can be returned to her. We agree with the juvenile court that A.S. cannot be returned to the mother. The evidence makes clear A.S. is less than three years of age and has been removed from E.W.'s care for the period required by section 232.116(1)(h)(3). A.S. has also been adjudicated in need of assistance. Iowa Code § 232.116(1)(h)(2). E.W. continues to struggle with drug use and is not honest or forthcoming about her addiction. She offers vague explanations for the numerous missed drug screens, abnormal results, and she still tested positive for drug use. Her history of abuse,

partial recovery, and relapse place A.S. in danger and prevent reunification.[4] E.W.'s decision to marry and plan a future course with the father is also concerning. *See In re A.Y.H.*, 483 N.W.2d 820 (Iowa 1992) (child could not be returned to parents under section 232.110 when the father continued to live with mother who was not a responsible caretaker, and where the father had no track record of providing responsible care). There is no history of responsible choices by E.W. that would indicate she is able to resume care of A.S. Accordingly, we find grounds for termination under section 232.116(1)(h).

We next turn to the best interests of the child analysis under section 232.116(2). Again, we agree with the juvenile court that termination is in A.S.'s best interests. E.W. has proved she is reluctant to make the changes necessary to properly care for A.S. The home was physically unsuitable due to A.S.'s respiratory problems, and E.W. failed to make a simple change needed for her child to safely reside with her. E.W.'s continued cycle of addiction and continued substance abuse presents a danger to the child. Since removal from the home, A.S. is no longer physically behind from a developmental standpoint and is getting the physical therapy and attention needed to thrive. We find termination is in the best interests of the child.

E.W. does not claim any of the permissive exceptions in section 232.116(3) apply. Finding none, we affirm the decision of the juvenile court.

**AFFIRMED.**

---

[4] E.W. vaguely attacks the validity of the tests conducted by DHS. Her claim is essentially an evidentiary challenge to the introduction of the tests as evidence. We find no basis to exclude the introduction of the tests.