**IN THE COURT OF APPEALS OF IOWA**

No. 16-1856
Filed April 5, 2017

**IN THE INTEREST OF R.W.,**
**Minor child,**

**K.W., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Mark R. Fowler,

District Associate Judge.



        A mother appeals the termination of her parental rights.  **REVERSED AND**

**REMANDED.**



        Karmen R. Anderson of Anderson Law Firm, Des Moines, and Rebecca

G. Ruggero, Davenport, for appellant mother.

        Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant

Attorney General, for appellee State.

        Jean Capdevila, Davenport, guardian ad litem for minor child.


        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

A mother appeals the termination of her parental rights to her child, R.W. The mother contends the State failed to prove grounds for termination, termination is not in R.W.'s best interests, her due process rights were violated, and reasonable efforts were not made toward reunification. Because we find the mother's fundamental right to a fair hearing was not provided, we reverse and remand for a new termination hearing before a different judge.

### I. Background Facts and Proceedings.

R.W. was born in 2012. In September 2015, the mother was found unresponsive in a parking lot and did not know where then two-year-old R.W. was or who was caring for him. R.W. was later located in a hotel room being cared for by a thirteen-year-old girl. The mother tested positive for cocaine. R.W. was removed following the incident. The mother has longstanding substance-abuse and mental-health issues that previously led to the termination of her parental rights to three other children.

Notwithstanding the concerning start to the child-in-need-of-assistance (CINA) case, the mother made progress during its pendency and was exercising visitation up to the day of the termination hearing. After R.W.'s removal, the mother began complying with services provided by the department of human services (DHS) and participating in substance-abuse treatment and mental-health counseling. Concerns remained, including the mother's refusal to internalize her substance-abuse problem, the one-time discovery of alcoholic beverages in the mother's home, and the mother's association with a known sex offender.

The district court entered a permanency order on May 21, 2016, granting the mother three additional months to seek reunification. The termination petition was filed on July 13, 2016. The mother filed a motion to dismiss or, alternatively, to continue the termination hearing on August 4, 2016. The termination hearing was held August 24, 2016. The district court imposed a two-hour time limit on the termination hearing. The court entered the termination order on October 17, 2016, terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(f), (h), and (*l*) (2016), and placing R.W. in the care of his paternal aunt as the child's guardian. The mother now appeals.

**II. Standard of Review.**

We review the mother's due-process challenges to the district court's termination ruling de novo. *In re C.M.*, 652 N.W.2d 204, 209 (Iowa 2002).

**III. Analysis.**

The mother asserts her due-process rights were violated by the lack of service of the termination petition, the district court's arbitrary imposition of a two-hour time limit on the termination hearing, and the district court's delay in ruling on the mother's motions. We find the mother's argument with respect to the time limitation on the termination hearing persuasive and dispositive.

The State argues the mother has not preserved error on her due-process claims. However, the mother raised the issue regarding the time limitation of the termination hearing in the August 4, 2016 motion to dismiss.[1] The motion to

---

[1] The motion states in part:

> The State has unilaterally scheduled the hearing on the Petition for Termination of Parental Rights on the same date the review hearing was originally scheduled to be heard. The purpose and evidence to be

dismiss was initially set for hearing for August 11, 2016, but due to the State's objection and request to continue the hearing on the motion, the hearing was rescheduled to be heard at the same time of the termination hearing on August 24, with no extension of time to hear the motion. Thus, at the State's request, the opportunity for the mother to preserve error on the due-process claims at the August 11 hearing was thwarted.

On August 24, no record was made on the motion but there is also no record the motion was withdrawn. During closing arguments the mother's counsel referenced the time limits that were "forced upon us." Under these facts, we can only presume the motion was denied because the court proceeded to hear the petition for termination of parental rights. Further, the district court did, in fact, impose the two-hour time limit or nearly so, as the hearing lasted two hours and twenty minutes.

We will address the mother's due-process claims on appeal.

In addressing challenges alleging violation of the right to due process,

> [w]e begin with the basic premise that a parent has a fundamental liberty interest in the care, custody, and control of his or her child, . . . . When the State seeks to terminate the relationship between a parent and child, it must comply with the requisites of the Due Process Clause.

*In re R.K.*, 649 N.W.2d 18, 20 (Iowa Ct. App. 2002) (citations omitted).

---

introduced at a review hearing is much different than the purpose and evidence to be introduced at a termination of parental rights hearing. There was no consultation with mother's attorney whether the attorney or witnesses necessary for a termination hearing are available on the date or can be presented in the time allowed for hearing. The time scheduled for hearing is not sufficient to engage in a contested termination hearing, particularly when the Department has so distorted its reporting concerning [m]other in this matter that virtually every claim it makes is disputed.

In the context of termination of parental rights, our supreme court has explained due process requires "an opportunity to be heard. This may include a right to notice of the hearing, to confront and cross-examine adverse witnesses, to be represented by counsel, to an impartial decision maker, and to a decision based solely on legal rules and evidence presented at the hearing." *In re A.M.H.*, 516 N.W.2d 867, 870 (Iowa 1994) (citation omitted); *see also In re K.M.*, 653 N.W.2d 602, 607 (Iowa 2002) (stating parents in termination proceedings "are clearly entitled to procedural due process: notice and a meaningful opportunity to be heard"); *see also In re S.P.*, 672 N.W.2d 842, 845-46 (Iowa 2003) ("'Notice of the hearing and an opportunity to be heard appropriate to the nature of the case is the most rudimentary demand of due process of law' in proceedings affecting parental rights to children." citing *Stubbs v. Hammond,* 135 N.W.2d 540, 543 (Iowa 1965)).

Our supreme court recently discussed violations of due process by the imposition of time limitations and stated:

> "Due process mandates that persons who are required to settle disputes through the judicial process 'must be given a meaningful opportunity to be heard.'" *In re Marriage of Seyler*, 559 N.W.2d 7, 9 (Iowa 1997) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971)). "This opportunity to be heard must be 'granted at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Boddie*, 401 U.S. at 378). However, the hearing that is guaranteed by the Due Process Clause varies depending on what is "appropriate to the nature of the case." *Id.* (quoting *United States v. Raddatz*, 447 U.S. 667, 677 (1980)). When a district court determines what type of hearing is required by due process, it must consider "(a) the private interests implicated; (b) the risk of an erroneous determination by reason of the process accorded and the probable value of added procedural safeguards; and (c) the public interest and administrative burdens, including costs that the additional procedures would involve." *Id.* (quoting *Raddatz*, 447 U.S. at 677).

We recognize that the "trial court has considerable discretion in directing the course of the trial." *Glenn v. Carlstrom*, 556 N.W.2d 800, 804 (Iowa 1996). While a district court has the inherent authority to manage its docket and calendar, the court's power to manage the cases in its docket "while economizing on time and effort must be consistent with the Constitution and statutes. A court's discretion in setting its calendar and managing cases is limited by due process . . . ." 88 C.J.S. *Trial* § 80, at 70-71 (2012). Perhaps most importantly, "[c]rowded dockets and administrative efficiency cannot deprive litigants of their day in court." *Id.* § 80, at 71. While time limits serve a purpose, when they are applied arbitrarily and inflexibly to a case with no consideration for the particular facts and circumstances of the litigants, those time limits can pose a threat to due process. *In re Marriage of Ihle*, 577 N.W.2d 64, 67 (Iowa Ct. App. 1998). "Thus, judges must not sacrifice their primary goal of justice by rigidly adhering to time limits in the name of efficiency." *Id.* at 68. While district courts have discretion to set time limits on hearings, this discretion is not limitless and cannot deprive citizens of their rights.

*Spitz v. Iowa Dist. Ct.*, 881 N.W.2d 456, 467-68 (Iowa 2016).

We find the district court's imposition of and close adherence to the arbitrary two-hour time limit for the termination hearing violated the mother's right to procedural due process. We acknowledge the State's interest in finalizing the termination procedure in an expedient manner to achieve permanency for the child. *See C.M.*, 652 N.W.2d at 211. However, the two-hour time limit to the termination hearing in this highly contested case interfered with the mother's "fundamental" liberty interest in the care, custody, and control of her child. *K.M.*, 653 N.W.2d at 607.

We reach this conclusion because counsel for the mother identified persons present in the courtroom who were prepared to testify on behalf of the mother. We also note the district court unreasonably limited the time for closing arguments to one minute. During closing arguments, counsel for the mother stated, "In view of the time constraints that were forced upon us, I would ask that

the supporters of [the mother] that were all willing to testify on her behalf and support her be allowed to write a letter if they so choose . . . ." Counsel also stated, "The persons took the time to come today and I—with more time would have and could have called them to address these issues of [the mother's] abilities and her attitude and outlook on life." Clearly, the mother had other witnesses available to testify and was prevented that opportunity. Although a formal offer of proof was not made, counsel for the mother requested that the court keep the record open to allow the mother's witnesses to submit letters— which would have, or could have served as substance of the excluded evidence, the very purpose of an offer of proof.[2] The district court denied the request and closed the record.

The mother's motion put the court on notice there were various disputed issues. Counsel's statement, albeit during closing statements, put the court on notice the mother had more witnesses available to testify. The limited termination hearing in this case was not sufficient to allow the mother the opportunity to be fully heard on the issues affecting her significant and fundamental right to parent her child. The district court violated the mother's procedural due process rights by limiting the time for the termination hearing in this manner.

---

[2] "The purpose of an offer of proof is to give the district court a more adequate basis for its evidentiary ruling and to make a meaningful record for appellate review. . . ." *State v. Ritchison*, 223 N.W.2d 207, 212-13 (Iowa 1974). An offer of proof is important because it is necessary to preserve error. *State v. Lange*, 531 N.W.2d 108, 114 (Iowa 1995).

**IV. Conclusion.**

We conclude the time limitation on the termination hearing violated the mother's due-process right to a fair hearing. We therefore reverse and remand for a new termination hearing before a different judge.[3]

**REVERSED AND REMANDED.**

---

[3] Because we reverse on this due-process claim, we need not decide the other issues raised on appeal.