# IN THE COURT OF APPEALS OF IOWA

No. 17-1632
Filed January 24, 2018

IN THE INTEREST OF A.B.,
Minor Child,

A.B., Father,
    Appellant.
_____

    Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

    A father appeals the termination of his parental rights. **AFFIRMED.**

    Andrew J. Tullar of Tullar Law Firm, P.L.C., Des Moines, for appellant father.

    Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

    Meegan M. Langmaid-Keller of Keller Law Office, P.C., Altoona, guardian ad litem for minor child.

    Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

A father appeals the termination of his parental rights to his child, A.B., born in August 2015. The father's rights were terminated pursuant to Iowa Code section 232.116(1)(b), (e), and (h) (2017).[1] The father argues there is not clear and convincing evidence to terminate parental rights on any of the three grounds for termination, termination is not in the child's best interests, and termination was not appropriate because a relative has custody of A.B.

### I. Background Facts and Proceedings.

In November 2015, a child-in-need-of-assistance (CINA) petition was filed based upon the father's domestic violence against the mother and both parents' methamphetamine use. A no-contact order was issued between the father and the mother. A.B. was adjudicated a CINA in February 2016 under Iowa Code section 232.2(6)(b), (c)(2), and (n). The father did not attend the hearing and the Iowa Department of Human Services (DHS) was unable to contact the father.

In March 2016, the father was arrested for possession of methamphetamine and paraphernalia, interfering with official acts, and violating a no-contact order with the mother. DHS was able to make contact with the father while he was in jail. In April, the mother's drug patch tested positive for methamphetamine, and A.B. was removed from her care. A removal hearing was held in May; the father was not present and his whereabouts were unknown. A dispositional hearing was also held in May. Again, the father did not attend and could not be contacted by DHS.

---

[1] The State did not petition to terminate the mother's parental rights. The child was placed with the mother at the time of the termination hearing.

The father was arrested in May 2016 for a probation violation, and DHS contacted the father by phone in the jail. The father gave updated contact information to the department, but when DHS followed up, a resident at the address provided stated the father had not lived there for some time. DHS did not locate the father again until he was arrested in July 2016, and DHS contacted him in the jail.

The father was sentenced in September 2016. A.B. visited the father once while he was in jail. This was the father's first visit with the child since the beginning of the proceedings in juvenile court. Because of the administrative policies of the prison, DHS was not able to set up a visit with the father again until May 2017. At the time of the termination hearing, A.B. had visited the father approximately six times in prison. The father participated in the termination hearing by phone from prison.

In November 2016, A.B. was returned to his mother's care while she was receiving inpatient drug treatment. The mother successfully completed her drug treatment program and was released in February 2017. A.B. has remained in her care since then.

The father's rights were terminated in September 2017.

The father appeals.

**II. Standard of Review.**

We review the juvenile court's decision to terminate de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "Grounds for termination must be proven by clear and convincing evidence." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). "Our primary concern is the best interests of the child." *Id.*

**III. Discussion.**

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(b), (e), and (h). The father contends that the requirements of each section are not established by with clear and convincing evidence. "We only need to find grounds to terminate parental rights under one of the sections cited by the district court in order to affirm its ruling." *In re R.K.*, 649 N.W.2d 18, 19 (Iowa Ct. App. 2002).

Section 232.116(1)(h) provides that termination may be ordered when "there is clear and convincing evidence that a child under the age of three who has been adjudicated a CINA and removed from the parents' care for at least the last six consecutive months cannot be returned to the parents' custody at the time of the termination hearing." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010); *accord* Iowa Code § 232.116(1)(h).

Here, A.B. is two years old, has been removed from the father's care for seventeen consecutive months, and could not be returned to the father's custody at the time of the termination hearing. The father argues because he is in the process of being paroled, A.B. could be returned the child to his care in the foreseeable future. The relevant time frame for returning to his father's care was at the time of the termination hearing, not at some point in the foreseeable future. *See In re D.W.,* 791 N.W.2d at 707. "We do not 'gamble with the children's future' by asking them to continuously wait for a stable biological parent, particularly at such tender ages." *Id.* (citation omitted). Clear and convincing evidence supports termination on this ground.

Next, the father argues that termination is not in A.B.'s best interests. *See* Iowa Code § 232.116(2). In reaching our conclusion, we must "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* The father is currently incarcerated and has a history of domestic violence towards the mother. There is no significant bond between the father and A.B.; they have had minimal contact. The father is not in a position to provide physical, mental, or emotional care for the child. Termination is in A.B.'s best interests.

Finally, the father argues the juvenile court erred when it declined to preserve the father's parental rights under Iowa Code section 232.116(3)(a), which allows the court to continue the parent-child relationship if a relative has legal custody of the child. The father argues there is no urgency in making a permanency decision because A.B. lives with his mother. Section 232.116(3)(a) is permissive, not mandatory. *In re J.L.W.*, 570 N.W.2d 778, 781 (Iowa Ct. App. 1997), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33 (Iowa 2010). The father made little effort to engage in services before his incarceration, and there is no strong connection between him and the child.

The juvenile court found termination to be in the best interests of A.B. to avoid future uncertainty. Our legislature has limited the period in which parents can demonstrate they are capable of parenting. *In re J.E.*, 723 N.W.2d at 800. "The crucial days of childhood cannot be suspended while parents

experiment with ways to face up to their own problems."  *In re A.C.,* 415 N.W.2d 609, 613 (Iowa 1987).  Permanency and stability are in A.B.'s best interests.

**AFFIRMED.**